# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GNC CORP.,<br><br>      Plaintiff,<br><br> v.<br><br>GOPRO, INC.,<br>ROBERT BOSCH GMBH, AND<br>BOSCH SENSORTEC GMBH,<br><br>      Defendants. | Case No. 18-cv-00968-BAS-BLM<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT GOPRO, INC.'S MOTION TO STAY THE PROCEEDINGS**<br><br>**[ECF No. 16]** |

## I. BACKGROUND

On May 16, 2018, Plaintiff American GNC Corp. ("AGNC") filed this patent infringement suit against Defendants GoPro, Inc. ("GoPro"), Robert Bosch GMBH and Bosch Sensortec GMBH (the latter are collectively the "Bosch Defendants"). (ECF No. 1.) Although GoPro was served with the Complaint on May 22, 2018 (ECF No. 7), AGNC has yet to serve the two Germany-based Bosch Defendants in accordance with the Hague Convention. (ECF No. 9.) GoPro requested a forty-five day extension of its deadline to respond to the Complaint, which the Court granted on June 7, 2018. (ECF No. 15.) GoPro now seeks to stay all proceedings in this case and its deadline to respond to the Complaint "because the other two defendants have not been served." (ECF No. 16.) AGNC opposes. (ECF No. 17.) For the reasons

herein, the Court denies GoPro's motion without prejudice.

## II. LEGAL STANDARD

A district court has the "power to stay proceedings" as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether to stay an action, courts must weigh competing interests that will be affected by the granting of or refusal to grant a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In determining whether to stay proceedings, a court considers: (1) judicial economy, (2) the moving party's hardship, and (3) potential prejudice to the non-moving party. *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). "[I]f there is even a fair possibility that the stay . . . will work damage to someone else[,]" the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

## III. DISCUSSION

The crux of GoPro's motion to stay the proceedings centers on the possibility that all Defendants might file a motion to transfer this litigation to another venue at some later point. The Court is not persuaded that this provides a sufficient reason to impose a stay at this time.

GoPro contends that imposing a stay now will serve judicial efficiency because without a stay, the Court "may need to consider multiple pleadings and venue-related motions from GoPro and then similar motions from the Bosch Defendants, instead of dealing with all of these motions at once, after the Bosch Defendants have been served and appeared in the case." (ECF No. 16-1 at 3.) GoPro further contends that it would face hardship by having to proceed alone on a "different track" because the Bosch Defendants "likely possess information relevant to any transfer or other pleading-

related motions" and "possess significantly more information concerning the operation of the accused Bosch sensors." (ECF No. 16-1 at 3.)[1]  GoPro does not provide any concrete evidence to support these assertions.

Even if GoPro's contentions might provide a proper basis for a stay of the proceedings at a later point in time, they do not provide a persuasive basis to do so now.  Unsubstantiated speculation about the actions of other yet-to-be-served parties is insufficient to impose a stay.  Even assuming that GoPro has raised a valid point that judicial efficiency would be served in the event that all Defendants would move to transfer venue at a later point, GoPro fails to persuasively argue why it cannot respond to AGNC's allegations against it.[2]  As GoPro acknowledges, AGNC's allegations against it concern "*GoPro's use* of Bosch sensors *in GoPro's products*." (ECF No. 16-1 at 3 (emphasis added).)  The Court does not find that the presence of the Bosch Defendants is necessary for GoPro to respond to the Complaint, whether through an answer or a motion to dismiss because (1) any answer turns on GoPro's own knowledge (or lack thereof) regarding the Complaint's allegations and (2) any motion to dismiss turns on the sufficiency of AGNC's allegations and claims.

---

[1] Although GoPro asserts that it will face harm from being placed on a "different track," it fails to show how being required to answer the Complaint now or participate in any discovery specific to it constitutes harm for which a stay of all proceedings would be proper.  To the extent GoPro would be placed on a "different" trial track by litigating before the Bosch Defendants have been served, that issue can be addressed through an appropriate Case Management Order that harmonizes all deadlines in which the participation of all parties would serve judicial economy.  AGNC has expressly "has agreed that the case schedule should be common to all Defendants." (ECF No. 17 at 3.)

[2] Requests to alter court deadlines, including deadlines to respond to pleadings, are subject to a good cause standard.  *See* Fed. R. Civ. P. 6(b).  The Court cannot find that good cause exists to extend the deadline for GoPro to respond to the Complaint, particularly when (1) the deadline would have no definite point and (2) GoPro has already received a 45-day extension.  GoPro has had ample to prepare an answer or a motion to dismiss the Complaint with which it was served nearly 2 months ago.

Lastly, GoPro argues that a delay in the proceedings alone cannot constitute "undue prejudice" to AGNC. (ECF No. 16-1 at 3.) In making this assertion, GoPro cites authorities which considered the propriety of a stay pending examination of patents-in-suit by the United States Patent and Trademark Office ("PTO"). *See Coho Licensing LLC v. Glam Media*, No. C 14–01576 JSW, 2014 WL 4681699, at *1 (N.D. Cal. Sept. 17, 2014) (considering stay pending PTO's decision on whether to grant or deny petitions for *inter partes* review); *Dataquill Ltd. v. High Tech Computer Corp.*, No. 08-cv-543-IEG-LSP, 2009 WL 1391537, at *1 (S.D. Cal. May 14, 2009) (considering stay pending the PTO's *ex parte* reexamination of the patents-in-suit). These authorities are inapposite to the posture of the present proceedings because there is no evidence of a PTO examination of any patents-in-suit.

In opposition, AGNC identifies delay in the progression of this case as a potential harm it would suffer if the case is stayed. (ECF No. 17 at 3.) The Court does not find this to be a harm sufficient to preclude entry of a stay—in the event a properly supported and more persuasive request is made by GoPro. As GoPro observes, AGNC seeks only money damages as opposed to relief that would be harmed by delay, such as injunctive relief. (ECF No. 16-1 at 3.) Even so, because GoPro has not persuasively argued that a stay is warranted at this time, the Court does not find that the absence of an identifiable harm to AGNC itself would otherwise warrant entry of a stay of all proceedings.

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES** GoPro's motion to stay the proceedings. (ECF No. 16.) **GoPro shall answer or otherwise respond to the Complaint in accordance with the existing deadline**. This order is without prejudice to GoPro seeking a stay of the proceedings at a later point.

**IT IS SO ORDERED.**

**DATED: July 18, 2018**

Hon. Cynthia Bashant
United States District Judge